June 7, 1960, said appeal to be argued or submitted when reached. Respondent's points are to be served and filed on or before June 1, 1960. Relator to have the right of visitation as directed by Mr. Justice FLYNN. Concur — Botein, P. J., Breitel, Rabin, Valente and Stevens, JJ.

■ ARTHUR D. WOLF v. SAUL M. GINSBERG.— Motion for stay denied, with $10 costs. Concur — Botein, P. J., Breitel, Rabin, Valente and Stevens, JJ.

## (May 17, 1960)

■ In the Matter of CAROL GREITZER, Appellant, against JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents.— Order dismissing petition and supplemental petition is unanimously affirmed, without costs. Petitioner seeks an order directing the Board of Elections to assign by lot, in accordance with subdivision 2 of section 104 of the Election Law, the order in which the names of the various candidates in the Democratic party primary election shall appear upon the voting machines. It has been asserted, without contradiction, that there are primary contests in thousands of election districts throughout the city. It has been amply demonstrated that the voting machines presently in use by the city cannot be utilized or adapted so that positions may be drawn by lot and yet present the names of the opposing candidates in such orderly fashion that many voters will not be confused or misled. Also, petitioner has not shown that the formula devised by the Board of Elections, as reflected in its resolution under attack herein, is not calculated in good faith to assign the positions as fairly as possible under the hampering circumstances of the mechanical limitations of the machines. Were the resolution to be stricken, which is the relief virtually sought by petitioner, contests in the primaries of all parties in most of the election districts in the city will be affected vitally; and, as stated at Special Term, might result in chaos and confusion. The Board of Elections, presumably possessed of *expertise* in this area has in effect held that the provisions of section 104 of the Election Law are not practicable for application to the type of voting machine presently in use by the city (see Election Law, § 265) and therefore properly exercised the discretion given under subdivision 7 of section 242-a of the Election Law. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

■ In the Matter of CAROL GREITZER, Appellant, against JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents.— Motion for leave to appeal on original record and typewritten or mimeographed appellant's points granted. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

■ ESTELA B. SANGUINETTI v. ALBERTO A. SANGUINETTI.— Motion for stay granted and the appeals are stricken from the Enumerated Calendar of this court for the June 1960 Term, unless the appellant complies fully with the order of this court entered June 30, 1959, and the order of the Supreme Court, New York County, entered July 14, 1959, on or before May 27, 1960. Concur — Botein, P. J., Breitel, Rabin, Valente and Stevens, JJ.

■ In the Matter of the Estate of SAUL H. BOURNE, Deceased. MARY M. BOURNE; MARY E. KEEDICK et al.— Motion for leave to dispense with printing denied, with leave, however, to renew upon a case settled by the Surrogate. Concur — Botein, P. J., Breitel, Rabin, Valente and Stevens, JJ.

■ FEIN CAN CORP. v. LEON PASTOR, as President, et al.— Motion and the application for an order staying the trial of the action denied. Concur — Botein, P. J., Breitel, Valente and Stevens, JJ.